IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KIPPER SHOCK,

                Plaintiff,                OPINION AND ORDER

    v.

                                            21-cv-103-wmc

S KILOLO KIJAKAZI, Acting Commissioner of
Social Security.

                Defendant.

Pursuant to 42 U.S.C. § 405(g), plaintiff Kipper Shock seeks judicial review of a final determination that his father, Joseph Shock, was not disabled within the meaning of the Social Security Act.[1] An administrative law judge ("ALJ") reached that conclusion on August 8, 2018. While Shock raises several grounds for remand, mainly focused on her weighing of the opinions of Chock's treating physicians, the court is persuaded that the ALJ's failure to consider carpal tunnel as a potentially severe impairment without addressing the reasons for his lack of treatment is alone sufficient to warrant remand.

UNDISPUTED FACTS

Claimant Joseph Shock was 44 years old at the time of his effective onset date of November 16, 2012, and had at least a high school education, communicated in English, and previously worked as a construction worker. (AR 43.)[2]

On April 25, 2018, ALJ Debra Meachem held a hearing in which Joseph Shock

---

[1] While claimant Joseph Shock initially brought this case, his son, Kipper, was substituted without objection as plaintiff after Joseph's death. (Dkt. #22.)

[2] Although the claimant originally asserted an earlier onset date, the ALJ found an earlier denial of claim on November 15, 2012, precluded reconsideration of any disability claim on or before that date.

appeared in person. (AR 27.) In a written opinion issued on August 8, 2018, the ALJ determined that Joseph Shock was not disabled for the purposes of the Social Security Act. Shock also had the following severe impairments: degenerative disc disease/spinal disorder, obesity, and affective and anxiety disorders. (AR 30.) The ALJ ultimately found that none of the previous conditions nor any combination thereof meet or exceed the severity listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 31.)

With the findings, the ALJ next crafted a Residual Functional Capacity ("RFC") allowing for light work with the following, additional restrictions:

> He should avoid concentrated exposure to extreme heat, humidity, and wetness, and to respiratory irritants (such as fumes, odors, dust). He should avoid even moderate exposure to vibration and all exposure to extreme cold and to hazards (such as unprotected heights and dangerous moving machinery). He can occasionally reach overhead bilaterally. The claimant is further limited to unskilled work involving simple, routine, and repetitive tasks, with no fast-paced production line tasks, and only occasional changes in the work setting.

(AR 31.) Based on this RFC, the vocational expert opined that Shock would be able to perform a significant number of jobs within the national economy with the foregoing RFC. (AR 45.) For this reason, the ALJ submitted a finding of "not disabled" regarding Shock. (*Id.*)

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Here, Shock's medical history shows that he was diagnosed with bilateral carpal tunnel syndrome, as indicated by his test results and imaging. (AR 397.) However, the ALJ failed to explain how she accommodated Shock's carpal tunnel in crafting his RFC. Even more concerning, the ALJ never addressed whether she considered Shock's carpal tunnel to be a severe impairment. (AR 30.) At minimum, ALJs are required to address and consider a claimant's severe and non-severe conditions, and "[i]f the person's pain or other symptoms cause a limitation or restriction that has more than a minimal effect on the ability to perform basic work activities, [the ALJ] will find that the person has a severe impairment(s)." SSR 12-2p III(C)(VI)(B).

In this case, although the ALJ discussed Shock's carpal tunnel as a symptom of his back problems without addressing its relevance as an impairment in its own right. The ALJ's failure to consider carpal tunnel at Step Two does not necessarily warrant remand on its own, especially given her acknowledgement of his carpal tunnel symptoms later in the opinion, but the failure to address the limiting nature of that condition in combination

3

with Shock's other, credited upper extremity limits casts doubt on the strength of the opinion's logical bridge.

A secondary issue in the ALJ's opinion is her uncritical reliance on Joseph Shock's failure to seek further treatment. An ALJ is cautioned against finding "an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment." SSR 16-3p. Specifically, the ALJ must "consider and address reasons for not pursuing treatment that are pertinent to an individual's case." (*Id*.) Some examples of acceptable reasons for lack of treatment include a claimant reaching a plateau with symptom management, changing insurance, or deciding not to take medication because the side effects are worse than the condition. (*Id*.) "In assessing credibility, infrequent treatment or failure to follow a treatment plan can support an adverse credibility finding where the claimant does not have a good reason for the failure or infrequency of treatment." *Craft v. Astrue*, 539 F.3d 668 (7th Cir. 2008) (citing SSR 96–7p).

Here, the ALJ noted that "there are significant gaps in the claimant's treatment history for his allegedly disabling back and neck symptoms." She also repeatedly notes that Shock was offered an anterior cervical discectomy as a surgical option, but Shock declined to go through with the surgery. (AR 35.) Finally, the opinion emphasizes that Shock had only routine treatment for his back in recent years, such as steroid injections, narcotic pain medication usage, and chiropractic care. (AR 35.)

However, this "conservative" treatment might well be explained by factors other than the severity of the symptoms. Back surgery and narcotic pain medication are prime examples of interventions that may have worse side effects than the medical condition

itself. And many of Shock's choices could reasonably be explained by a plateau in symptom management or lack of further practical treatment options. Upon remand, the ALJ should, at minimum, explore Shock's reasons for eschewing further treatment. Combined with the failure to consider carpal tunnel as severe both by itself and in combination with other limitations, the court finds that remand is warranted. This is not to say that the ALJ must find Shock was disabled upon remand; simply that the ALJ should address the current failures to build a logical bridge between diagnosed limitations and give claimant a full and fair accounting to address his decisions not to pursue more regular or agressive medical treatments. Obviously, in doing so, the ALJ should reexamine her weighing of the opinions of Shock's treating physicians as well.

## ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration finding that claimaint Joseph Shock is not eligible for social security disability benefits, is REMANDED.

2) The clerk of court is directed to enter final judgment for plaintiff.

Entered this 31st day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge